**SO ORDERED.**

**SIGNED this 12 day of August, 2008.**



_____
Stephen D. Gerling
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

_____

**UNITED STATES BANKRUPTCY COURT**
**NORTHERN DISTRICT OF NEW YORK**

| In re: | In Proceedings Under Chapter 11 of the United States Bankruptcy Code |
|---|---|
| MOISE BANAYAN, | Case No. 08-60954-6-sdg |
| Debtor. | |

**ORDER CONVERTING CHAPTER 11 CASE TO A CASE UNDER CHAPTER 7 AND DIRECTING DEBTOR TO COMPLY WITH BANKRUPTCY RULE 1019**

This matter comes before the Court on the motion (the "Motion") of Moise Banayan (the "Debtor" or "Debtor-in-Possession" as applicable) for an Order Converting this Chapter 11 case, pursuant to 11 U.S.C. § 1112(a), to a case under Chapter 7 of the United States Bankruptcy Code (the "Bankruptcy Code") and no opposition to the relief requested in the Motion having been submitted, and a hearing on said Motion having been held on August 5, 2008, and appearances having been made by David Antonucci, Esq., on behalf of the Debtor, Amy F. Quandt, Esq., on behalf of the United States Trustee, and Herrick, Feinstein LLP, Steven A. Munson, Esq., on behalf of Signature Bank, and upon the finding by the Court that the Debtor is entitled to convert this Chapter 11 case to

a case under Chapter 7 of the Bankruptcy Code pursuant to 11 U.S.C. § 1112(a)(1)-(3), it is hereby

**ORDERED,** that the above-referenced Chapter 11 case be and hereby is, converted to a case under Chapter 7 of the Bankruptcy Code; and it is further

**ORDERED,** that the Debtor shall forthwith comply with the applicable provisions and mandates of Rule 1019 of the Federal Rules of Bankruptcy Procedure (the "Bankruptcy Rules"), including:

(1) with respect to all lists, inventories, schedules, and statements of financial affairs that have not been previously filed, the Debtor shall comply with Bankruptcy Rules 1019 and 1007 as if an order for relief had been entered on an involuntary petition on the date of the entry of the order directing that the case continue under Chapter 7;

(2) if a statement of intention is required, it shall be filed within thirty (30) days after entry of the order of conversion or before the first date set for the meeting of creditors, whichever is earlier;

(3) after qualification of, or assumption of duties by the chapter 7 trustee, the Debtor-in-Possession previously acting in the Chapter 11 case shall, forthwith turn over to the chapter 7 trustee all records and property of the estate in the possession or control of the Debtor-in-Possession as required pursuant to Bankruptcy Rule 1019(4);

(4) not later than fifteen (15) days after conversion of the case, file a schedule of unpaid debts incurred after the filing of the petition and before conversion of the case, including the name and address of each holder of a claim as required pursuant to Bankruptcy Rule 1019(5)(A)(i); and

(5) not later than thirty (30) days after the effective date of the conversion, the Debtor shall file and transmit an accounting of all receipts and disbursements made during the pendency of the Chapter 11 case as required pursuant to Bankruptcy Rule 1019(5)(A)(ii).

###